UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CR-20007-CMA-1

UNITED STATES OF AMERICA,

v.

MICHAEL NUNEZ DAZA,

    Defendant.
_____/

## AMENDED REPORT AND RECOMMENDATION ON CHANGE OF PLEA

This matter is before the Court upon the Honorable Cecilia M. Altonaga's Order of Referral [ECF No. 29], to conduct a Change of Plea Hearing for Defendant Michael Nunez Daza ("Defendant" or "Mr. Nunez Daza") in this case. The Court, having conducted the Change of Plea Hearing ("Hearing") on August 14, 2025, to determine whether Mr. Nunez Daza has knowingly and voluntarily entered a guilty plea, **RECOMMENDS** that Defendant's change of plea be accepted for the following reasons:

    1.    The Court convened a hearing to permit Mr. Nunez Daza to enter a change of plea. At the outset of the Hearing, Mr. Nunez Daza was advised of his right to have these proceedings conducted by the district judge assigned to his case – Chief District Judge Cecilia M. Altonaga. Additionally, it was explained that Chief Judge Altonaga would be the sentencing judge who will conduct the sentencing hearing, make all findings and rulings concerning Defendant's sentence, and decide whether to accept the Government's recommendations as to sentencing.

2. The undersigned inquired into whether Mr. Nunez Daza had ever been treated for mental health or addiction issues, and whether he was under the influence of any prescribed or proscribed substances at the time of the Hearing. He denied any prior or current mental health or addiction issues that would render him unable to understand the proceedings, and stated he was able to fully understand the proceedings, notwithstanding having taken prescription medication for heartburn and an antibiotic. Based on Mr. Nunez Daza's responses to these inquires, the Court determined he was competent to understand the proceedings and enter a knowing and voluntary plea.

3. Mr. Nunez Daza was informed that he did not have to permit a federal magistrate judge to conduct the Change of Plea Hearing and could request that the Change of Plea Hearing be conducted by the district judge assigned to the case. Defendant, his attorney, and the Government all consented on the record to the undersigned conducting the Hearing.

4. The Court conducted a plea colloquy in accordance with the outline set forth in the Bench Book for District Judges, and in accordance with Federal Rule of Criminal Procedure 11.

5. Mr. Nunez Daza pled guilty to Count 1 in the Indictment, which charges him with conspiracy to launder money internationally in violation of 18 U.S.C. §§ 1956(a)(2)(B)(i) and 1956(h). I advised Defendant that the maximum penalty the Court could impose for Count 1 is 20 years imprisonment, followed by 3 years of supervised release. In addition to any term of imprisonment, the Court may also

impose a fine of up to $500,000 or twice the value of the property involved in the transaction, and will impose a special assessment or court costs in the amount of $100, which Defendant has agreed is due to be paid at the time of sentencing. Defendant was also advised of the possibility of restitution, forfeiture, and the potential for immigration consequences, including deportation. Defendant acknowledged that he understood the possible maximum penalties that could be imposed in the case.

6. To set forth the factual basis for the entry of the plea, the Government proffered the facts it would have established at trial, memorialized in a written Factual Proffer. *See* ECF No. 31. The Government established all the essential elements of the crime to which Defendant is pleading guilty. The Court reviewed with Mr. Nunez Daza the Government's factual proffer to assure that a factual basis for the entry of the plea exists. Mr. Nunez Daza assented to the accuracy of the proffer. Defense counsel agreed that the proffer satisfied all elements of the crime charged. *Id.*

7. Mr. Nunez Daza acknowledged that he had reviewed the Indictment, discussed the charges against him with his attorney, and had a full opportunity to discuss the facts of the case with his attorney. The Parties entered into a written Plea Agreement that was thereafter filed with the Court. *See* ECF No. 32.

8. I further reviewed the Plea Agreement on the record and Defendant acknowledged that he had reviewed the entire agreement with counsel before he signed it. Defendant acknowledged that he is satisfied with his attorney, the

representation that he has received, and that he has had a full opportunity to discuss all facets of his case – including reviewing discovery and discussing potential suppression motions – with his attorney.

9. Pursuant to Paragraph 7 of the Plea Agreement, Defendant and the Government agreed to make joint recommendations to Chief Judge Altonaga with regard to certain findings concerning the Sentencing Guidelines. Under Paragraph 8 of the Plea Agreement, the Government will recommend a sentence be imposed within the Guidelines range as calculated by the U.S. Attorney's Office – specifically, a recommendation of no greater than 87 months. I reviewed with the Defendant that Chief Judge Altonaga is not required to follow the recommendations. Defendant acknowledged he understood these provisions of the Plea Agreement.

10. I reviewed that in Paragraph 11 of the Plea Agreement, the Defendant agreed to forfeit any right, title, and interest to any property involved in a violation of 18 U.S.C. §§ 1956(a)(2)(B)(i) and 1956(h). The Defendant indicated he understood the forfeiture provisions in Paragraphs 11 through 15, including the waiver of his Eighth Amendment argument. The Court determined that this was a knowing and voluntary waiver.

11. Pursuant to Paragraphs 16 through 18 of the Plea Agreement, the Defendant agreed to waive all rights conferred by 18 U.S.C. § 3742 and 28 U.S.C. § 1291, including the right to assert any claim that the statute to which the Defendant pleaded to is unconstitutional and/or that the admitted conduct does not fall within the scope of the statutes of conviction. I reviewed these paragraphs of the Plea

Agreement with the Defendant, who agreed that he would waive these constitutional and appellate challenges in this matter. The Court determined that this was a knowing and voluntary waiver.

12. Based upon all the foregoing and the plea colloquy conducted by this Court, the undersigned finds that Mr. Nunez Daza is fully competent and capable of entering an informed plea, that Mr. Nunez Daza is aware of the nature of the charges and the consequences of the plea, and that the plea of guilty is a knowing and voluntary plea supported by an independent basis in fact containing each of the essential elements of the offenses.

13. A pre-sentence investigation report is being prepared for the District Court by the United States Probation Office. Sentencing has been set by separate order before Chief District Judge Cecilia M. Altonaga. ECF No. 34.

## **CONCLUSION**

For the foregoing reasons, it is **RECOMMENDED** that Defendant's guilty plea be accepted, Defendant be adjudicated guilty as to the Indictment to which he has entered a plea of guilty, and that a sentencing hearing be conducted for final disposition of this matter.

Objections to this Report and Recommendation may be filed with the district judge within **THREE (3) days** of receipt of a copy of the Report. Failure to timely file objections waives a party's right to review issues related to the Defendant's plea under Fed. R. Crim. P. 11 before the District Judge or the Court of Appeals. *See* Fed. R. Crim. P. 59(b)(1), (2); 11th Cir. R. 3-1; *Harrigan v. Metro-Dade Police Dep't Station*

*#4*, 977 F.3d 1185, 1191-92 (11th Cir. 2020); 28 U.S.C. § 636(b)(1)(C). If the parties do not intend to object, the parties shall file a Notice of Non-objection to the Report and Recommendation on Change of Plea within the same three (3) day deadline.

**SIGNED** this 19th day of August, 2025.

_____
ENJOLIQUÉ A. LETT
UNITED STATES MAGISTRATE JUDGE

cc:   United States Chief District Judge Cecilia M. Altonaga
      All Counsel of Record